The first case of the afternoon is called 209-1094, Kenneth Koehler v. Illinois Liquor Control Commission, at law. On behalf of the adjoint, Mrs. Janssen, the Ms. Janssen, excuse me. And on behalf of the adjoint, Mrs. Ann Mascaleras. Proceed when you're ready. Good afternoon, your honors. As just announced, my name is Sarah Janssen and I represent Kenneth Koehler, the McHenry County Local Liquor Commissioner. The State Commission's decision to modify McHenry County's revocation order on the basis that McHenry County's Local Liquor Commission failed to suspend prior to revocation was clearly erroneous. We use the clearly erroneous standard in this case because it's an administrative review case where the facts are not disputed. The parties agree that the facts are undisputed and there's no question of law. Rather, this case involves an application of the undisputed facts to the law. That is, given the undisputed facts, did the State Commission properly perform its function under the Liquor Control Act? We do not believe that it did. Ultimately- Counsel, we're not really reviewing simply the ILCC, the issue of whether that was within its authority. We're reviewing, considering whether the ILCC considered properly the MLCCs. Correct. Yes, that is our position. What's the standard of review? Standard of review would be clearly erroneous. No, the standard of review from the second layer of review. The State Commission was supposed to review the Local Commission's decision under an abuse of discretion standard. And that's actually outlined in the Act and that's in the Kessel case as well. And that, actually, the Kessel case and the Act spell out the three things that the State Commission was supposed to look at in determining whether the Local Commission abused its discretion. In this case, our argument is that they did not look at the three things that they were supposed to look at. Ultimately, Your Honors, this case is about the discretion of the Local Liquor Commissioner to either revoke or suspend a local liquor license for cause under the Liquor Control Act. The Act itself, under two separate provisions, grants the Local Commission the authority to either suspend or revoke. It does not say the Local Commission must suspend and then revoke. It says either suspend or revoke when faced with violations of state and local liquor laws. In this case, the State Commission's decision effectively broke the Local Commission's discretion out of the Act. Did the ILCC specify the basis for its decision? The only thing that they stated was modification of penalty is based on the fact that the Local Liquor Commission has not followed a progressive discipline plan by way of suspension of license prior to revocation. That was their only reasoning that they gave for modifying the Local Commission's decision. Are they legally required to specify a basis for their decision? No, Your Honors. Under case law, it can be implicit that their findings was that it was an abuse of discretion. However, those findings are significantly weakened under case law. One-Way Liquor's case that's cited in our brief and the Tessel case state that those findings are significantly weakened when they are not explicitly stated on the order. In other words, the deference we're to give is also diminished. Correct. Can the Illinois Board ever find the Local Board's punishment to be excessive? Absolutely. Under what factor is 7-9? 7-9 sets out the statutory scheme. They first have to find that the Local Commission abused its discretion before they can reverse or modify a Local Commission's act or action. And they have to look at three separate questions to determine whether the Local Commission abused its discretion. Those questions are, did the Local Commission proceed in a manner provided by law? Was the order supported by the findings? And were the findings supported by the evidence in light of the whole record? In this case, those questions should have been answered in the affirmative. The Local Commission proceeded in a manner provided by law. The Liquor Control Act, under two separate provisions, allowed the Local Commission to revoke Ruchina One's liquor license for violations not once, not twice, but three times of state and local liquor laws. They proceeded in a manner provided by law. The order was supported by the findings. The findings were that one, two, three times Ruchina One's employees sold alcohol to a minor in violation of state and local liquor laws. The question, though, was under what circumstances can the sanction that's imposed be found to be harsh? There are two cases, I believe, that the State Commission has cited for the proposition that when there are mitigating circumstances present, the State Commission does have the authority to say that the penalty imposed was too harsh. Those two cases are the Hanson case and the Jackman's Lounge case. In those cases, they involve the first violation of the licensees, and the licensees did not know about the violation in those two cases. But is that separate from the three factors and some of the action? I don't believe it is. I think you still have to look at the three factors, but what you could say is that it doesn't fit under the first factor. Did they proceed in a manner provided by law? Because the penalty is too harsh. Your argument, to be brief, is that any violation of the liquor laws, of the state or local liquor law, can result in a revocation, correct? So if you find a violation, a place sells to an underage person one time, then theoretically that place can lose their liquor license, be revoked. And you're proceeding in a manner provided by law under those circumstances. And you also have the second factor, based on your argument that's fulfilled, and the third factor. So my question is, where do you get into this punishment analysis, separate in part from the violations that have been proven, therefore if it should be revoked? I think the way the courts have looked at it, I guess, have been separate and apart from the factors set out in Kessel. They have just said, and usually in these cases you see it's kind of a last minute, okay, did they abuse their discretion by imposing too harsh of a penalty? And they don't look at those factors. Although I think under the statutory scheme they probably should have. But yes, some courts have looked at it separately from what's allowed under those factors. You're saying that that's an abuse of discretion standard? That would be where the courts have looked at the local commission's decision. And they have determined whether or not they abused their discretion. They didn't look at, in the one case, the Hansen case, they did look at the state commission's decision to determine whether there was an abuse of discretion. But the only reason they did that in Hansen was because the state commission in that case had de novo review of the local commission's decision under the Liquor Control Act. And under the old statute? I'm sorry? That's been changed under the statute, correct? There still is de novo review in certain situations under the statute. Relatively limited, correct? Yeah, I think it's cities, villages, and unincorporated towns with a population of over 500,000. There's certain limited, it is very limited circumstances. And that's still, that's in 7-9. But in the Hansen case, they looked at the state commission's decision to, and they used the abuse of discretion standard only because the state commission in that case, they had de novo review. In this case, the state commission, and the state commission agrees, they did not have de novo review. They should have looked at the factors outlined in 7-9 to determine whether or not the local commission abused its discretion. This case, your honors, really cannot be distinguished from the Kessel case and Daly v. License Appeal Commission case that are both cited in our briefs. In those cases, the state commission modified orders of the local commission without a specific finding that there was an abuse of discretion and without anything in the record to evidence that there was an abuse of discretion. The appellate court said they didn't properly perform their function upon review. Instead, what they did was improperly impose a penalty of their choice, which they are not allowed to do under the statute. And I think this is the same scenario we have here. So you're saying the ILCC basically substituted their judgment for that of the MLCC? That is our argument, yes. And they weren't allowed to do that under the statute. Why does the statute allow them to modify the punishment? They can modify the punishment if they find that there is an abuse of discretion. They're not allowed to modify that. The Kessel says that specifically. They can't modify the decision of the local commission if they don't find an abuse of discretion and if there's no evidence to support an abuse of discretion. In this case, we don't have any evidence to support an abuse of discretion. We have three separate violations within seven months. After the first and second violation, they were asked, what did you do? What remedial measures did you take to make sure that another violation would not occur? Their response was, we talked to the employee, we showed them how to check IDs, we signed them up for VASA training. That was it. As of the time of the third violation, July 16, 2008, they had not fired the employee. They had not put anybody in there to supervise him to make sure that he was properly checking the IDs. And they hadn't even required that he take VASA training, which may have avoided the third situation if he had been required to take it. And they said that they signed him up, but he didn't get a chance to take it before the third violation. They had, from the first violation to the third violation, they had seven months. He could have taken a VASA training course. If they were taking their responsibility seriously, they would have made sure that he had taken a VASA training class between that time. What was your response to their argument that their progressive discipline should have been imposed and it was harsh not to do that? I guess I would say to that that maybe that's how they would have seen it. That's the penalty they would have chosen, but that's not the penalty the local commission chose. And they were not required to follow progressive discipline under the Act. In fact, the Roche Enterprise case specifically says progressive discipline does not have to be followed. If the first violation is egregious enough, they can revoke under the Act. Now, in this situation, it was just the sale of alcohol to a minor. This was the third time, so I think that was egregious. But in this situation, if it was the first time, maybe it would have been an abuse of discretion to revoke. But if you had a situation where the owner is selling alcohol to a 10-year-old kid who looks like a 10-year-old kid just to make a profit, perhaps that would be something that would warrant revocation. That's why the discretion is in the local commission. They have the discretion to impose a penalty of their choice under the Act. It is not the state commission's position to put the penalty on the local licensees. And the Kessel and the Daily V-License Appeal Commission stated that there are policy reasons behind that, policy reasons behind that, and that is the local commission is in proximity to the situation. They have better control, and they need to have better control of their own licensees. In this situation, we have local kids purchasing alcohol, taking it back to local parties, driving on local roads. There's a reason the statutory scheme is set up that the local commission has discretion to impose the penalty of their choice under the Act. The individual that sold the liquor to the minor, did the owner schedule him for some type of training? They came in and said, yes, we signed him up for Bassett training, but it was clear as a third violation he had not taken the course. And that was, there was seven months that he was given the opportunity to take the course. And realistically, Bassett training is available online 24 hours a day, seven days a week, and can be completed within four hours. So the fact that he had been signed up for Bassett training but didn't take it just shows that they didn't take the responsibility seriously. Was any information presented to the McHenry board? I do not, I do not know if it was. I cannot answer that. I would just like to say one thing in closing, Your Honors. As the Daily Be Licensed Appeal Commission board pointed out, if the local commission does not have discretion in choosing the penalty under the Act, then its discretion in those matters are of no more effect than a recommendation to the state commission. Clearly, that was not the intent of the legislature under the Liquor Control Act. I would just ask that you reverse the decision of the state commission and affirm the McHenry County local commission's revocation. Are there any further questions? Thank you for your time. Thank you. Good afternoon, and may it please the court. Assistant Attorney General Ann Mascaleras for the state commission and its chair. The state commission acted well within its discretion in modifying the county commission's sanction order from license revocation to a 30-day suspension. Its decision was neither arbitrary nor unreasonable, where it reflected progressive discipline when the county commission had fined but never suspended the store's license for the first two violations, and in light of the surrounding circumstances of this particular case. You said the Illinois board was not arbitrary or unreasonable. Are we reviewing their decision, or its decision, on the clearly erroneous standard? No, clearly erroneous is not the appropriate appellate standard of review. This court reviews, first of all, the state commission's decision, and the standard of review is abuse of discretion, not clearly erroneous. Why do you say that? First, the state commission is the one that renders the final administrative decision affirming, reversing, or modifying the county commission, which is the decision that is subject to judicial review. On administrative review from state commission sanction orders, the appellate court determines if a sanction order was an abuse of discretion, and I point the court to Hanson, Jacqueline's Lounge, and Saldana. Just so I'm clear, the state reviewing McHenry looks for abuse of discretion? I'm sorry. I was speaking toward this court's review, the appellate court review. I know the court asked the appellant this kind of two-layered theory of how does the state commission review the local commission's sanction decision? And, of course, Section 7-9 of the Act says the state commission shall review the propriety of the order of the local liquor control commission and shall consider the following questions, which are three, which we've talked about, whether the local commission proceeded in the manner provided by law, whether the order is supported by the findings, and whether the findings are supported by substantial evidence in light of the whole record. Nowhere in that statute does it talk about abuse of discretion. To me, the statute provides how the state commission is to review a local commission decision, and that's by statute. There's been some talk of the Kessel case, which did speak of the state commission should decide whether orders of the local commission are, I'm sorry, the state commission should reverse only where the local commission abused its discretion. And let me make a couple points on that Kessel case. It's out of the First District, 1978. It has not been cited since 1980. And that court talked about a manifest weight of the evidence appellate standard of review as well, which is what counsel had originally cited that for, and to the extent it advocates that, that's incorrect, because we know that that standard in administrative review applies to factual findings, and there's no factual determination in this case. A sanction to be imposed isn't a factual determination. This Court's Hansen decision and many other cases after Kessel all talk about abuse of discretion appellate standard of review. And I think to the extent that Kessel spoke that the state commission may reverse the local commission only if the local abused its discretion, nothing in the statute, Section 7-9 of the Act is the section to which I'm referring, talks about the state commission can only reverse the local commission if the local abused its discretion. What is the standard, then? The standard is, I think, perhaps we're wrong to put an appellate standard of review on this administrative review. The standard is, as the statute says, the state commission reviews the propriety of the order and considers these three things. But on what standard? And considers these three things. Right. I think that they review it based on these three things. Right. But what's the measuring stick? How do you know when you've made a sufficient showing on those three factors? Is it abuse of discretion? Well, it can be any one of those factors, I think. No. What's the standard to review those three factors? My answer to that is the statute doesn't talk about a standard, as we know, abuse of discretion or a manifest weight. There isn't any provided in the statute. What does the state do, then, when it reviews this? Well, they review the propriety of the order based on, as that section says, the official record of the proceedings. They review the propriety of what you're saying. What is the test to determine the propriety of the order of the local board? You have to have a standard somewhere. You can't say we're reviewing the propriety. Otherwise, you're suggesting it's a de novo. There has to be some standard. Did the local board abuse its discretion? Was the local board's decision against the manifest weight? There has to be a standard somewhere in there. In fact, the pre-1961 statute called for de novo review of the state board looking at the local commission. Was de novo review in the statute? In 1961, that statute changed, and then it laid out these factors. Now, the case law, since then, has said there's some deference due to the local commissions based upon the local nature of this problem. And therefore, some of these cases have found abuse of discretion. Some use the word manifest weight. I understand that. It's somewhat confusing. So that's the framework that we have here. Right. And I think, I mean, if we're talking about that and looking at these three factors enumerated in Section 9-7, I'll go to Factor C, whether the findings are supported by substantial evidence in light of the whole record. To me, that goes to the factual findings of the local commission and a manifest weight standard. I mean, it sort of sounds like that, but that's just one of the factors. What about what I consider to be almost the fourth factor, which is the punishment? I talked about that with opposing counsel. I mean, the punishment aspect doesn't seem to be fit in any of these three factors, at least that I can see. So if we're talking about, you know, they go through the three factors and look at what are the findings they find, but then a lot of times the punishment is just seen as too harsh. And that's certainly based on an abuse of discretion, is it not? I mean, is it abuse of discretion on that factor? It could be because this court would review a sanction order, you know, whether it be from the State Liquor Control Commission, the State Civil Service Commission, Department of Professional Regulation, all those types of sanction orders are reviewed on appeal via an abuse of discretion standard. Counsel, looking, getting away from standard review for a moment, looking at the basis for the ILCC's ruling, it concluded that the McHenry board erred because it failed to implement progressive discipline in the form of a license suspension before revocation, correct? Correct. Can you point us to any authority, any policy, rule, regulation anywhere that requires progressive discipline before a local board can issue a revocation? There's nothing that requires imposition of progressive discipline. But I will say, and not to confuse the standard of review issue anymore, but I'll point the court to the Addison Group decision that talks about imposition of progressive discipline as a sanction for the last violation. But the point is that each sanction order is considered in light of the particular circumstances of that case. There's no legal impediment to a board the first time out even imposing revocation, is there? Right. A license can be revoked for one violation only. And as you said, progressive discipline is not required. But that doesn't make the state commission's modification decision arbitrary, unreasonable, incorrect, or against the manifest way. Nor does it make the local decision arbitrary, fanciful. I mean, in that, I know we're arguing in circles here, but that brings us back to the standard of review. It's like at what point in the circle do you step in? Right. I will point to a couple of the facts that were, I think Justice Burke questioned counsel, were before the record. These facts were before the local commission during the hearing. And I'll reference the court to C-84 and 85. When we look at the factors that were brought out, what happened was the owner of the liquor store did not contest the violation portion. He was heard on the sanction portion and there was a hearing. So we know that there were no violations for nearly eight years before December 07. We know that the county commission imposed progressive fines for the two priors, which both occurred in December 07. So they had engaged in progressive discipline via fines at that point. The appellant is wrong when they say that the store owners took no action after the first two violations. As the record reflects, the owner of the establishment stated he told the employee, advised him how to check IDs, directed him not to sell to minors, told him he, quote, unquote, might lose his job, though he didn't fire him after those two infractions. And there's been much made of this Bassett training, which is at C-84 and 85. The county commission recommended, yet did not require, after those first two violations that the employee take this training. Apparently, he had signed up for it to occur in July 08, and this third offense with the same employee took place before the training. And after the third offense, he was fired. Counsel, how do you respond to the argument that even if you're arguing that some type of progressive discipline is a policy or recommended course of action, wasn't the owner of the establishment the subject, in fact, in this case, of some progressive discipline, including the license suspension prior to revocation? Wasn't there arguably progressive discipline imposed here? There was progressive discipline in the fact that there were two subsequent fines and then revocation, but you're missing the license suspension. And there have been cases, I believe, Jacqueline's Lounge and Hanson out of this district, finding revocation orders have been overturned on appeal as unduly harsh and an abuse of discretion. I'll also draw the court's attention to the record at page 86, where even the county commission members, during the hearing, articulated that revocation wasn't required after the third offense, that either a $2,500 fine, a suspension, or a revocation could be entered. Wasn't there a suspension in this case? By the state, the state board, a three-day. There are kind of two tracks, I guess, the way the Liquor Control Act is laid out. So in our case, the state commission is the reviewing body of the local, and they can also impose their own discipline as a result of violations of the state act. And after, I believe, the state commission fined the establishment for the first violation and then fined and issued a three-day suspension for the second violation. When did that three-day suspension occur chronologically? I don't know when it occurred. I don't think the record reflects when it occurred. But again, that wasn't discipline imposed by the local. Well, would it have to be by the local? I mean, if the suspension was imposed on review by the ILCC and then an establishment goes out and has another violation, isn't that arguably progressive discipline? I think you're talking about two different tracks at that point. I mean, I suppose progressive discipline, like you pointed out, could be there's one fine now and a larger fine later. I mean, that's progressive for sure. But I think that it would not have been an abuse of discretion. I know I keep harping on this standard of review. And though a license may be revoked for one violation and no progressive discipline isn't required, certainly revocation orders have been reversed as being unduly harsh as well. And considering the circumstances of the case, the testimony before the local board, all these cases, you can say they're kind of ad hoc to a certain extent, but it just goes that the court looks at and the state commission looks at the surrounding circumstances of each case, which, as I have stated, how many violations. I'll point the court to Saldana on Hanson talking about length of time with no violations, other surrounding circumstances. Here, after the first two violations, he was advised how to check IDs, he was directed not to sell to minors, he might lose his job, he registered for this training, and then after the third time, boom, he was fired. So to that extent, you're just considering all the circumstances of the case at that point. But isn't that exactly what the local commission did, is they looked at all the circumstances that were in the record and made a determination that based on the three violations that a revocation was amended? Well, I mean, I will say this was all presented in the hearing to the local board, but some commission members on the record did say the establishment didn't do anything. They didn't do anything after that second violation, which that's not really correct considering what the employer, what the owner of the licensee testified to. We have these talks with the employee and things like that. Did the state board rely at least in part on the fact that this employee was fired? That was evidence put before the county commission. My understanding of the record is that he hadn't been fired at that point in time, or at least there was no evidence before the county commission that the employee was fired. Again, he might have been terminated, he was told he may be terminated, but the evidence that he was actually fired came before the state board. Is that correct? It came before the state board because it was presented to the local board. He was fired after the third violation, and I think the hearing before the local board took place a bit after that. There's a violation notice issued. So all of these things... I may be mistaken on the record. So you're saying there was evidence before the local board that he was, in fact, fired. Is that correct? I believe so. I have a cite in my brief, and I can't recall. I have record cite C-84. They fired him after the July 08 accident, or incident. I'm sorry. And on page 5 of the Appelese brief, I go into the facts about Mr. Josie testifying before the local board. So I think that that came out before the local board. Now, the state commission, via statute, doesn't conduct a new hearing. At a hearing in DeNovo, they look at the records. So that evidence would have to have been before the local commission for the state to have known about it. Any further questions? Anything else? Thank you. Pardon me. I'd ask that the court... This is a general final comment. I'd ask that the court affirm the circuit court's judgment affirming the state commission's decision. Thank you. Do you wish to reply? I just have a few points to address, Your Honors. First, in regard to the standard of review, administrative review law has evolved considerably recently since the articulation of the clearly erroneous standard in the city of Belvedere case. If you look at the AFM messenger case, which was cited in our brief, they actually deal with the fact that many previous cases... This is not about a liquor commission or liquor board, but it was about electoral board. Many previous cases had addressed it under the manifest weight of the evidence standard. However, since the articulation of the clearly erroneous standard in the city of Belvedere, those cases should have been considered under the clearly erroneous standard. And that's the same situation. We have that situation here. Many of the liquor commission cases were looked at under the manifest weight of the evidence factor before the city of Belvedere. Now, I think it's pretty clear that the clearly erroneous standard would apply. Also, in respect to the Kessel Court, there was questions asked about what does it mean to review the propriety of the local commission's order. That's exactly what Kessel does. It explains the propriety of the local commission's order means to review for an abuse of discretion. The Kessel Court states that in there. And cases that the Kessel Court cited state that. That that's what propriety of the order means, is to review for an abuse of discretion. And only if you find an abuse of discretion, looking at the three factors, can you reverse or modify the decision of the local commission. My next point was this penalty imposed was not too harsh. It's distinguishable from those cases where the penalties were found to be too harsh. One, because it was a third violation. Two, because the owners knew about the first and second violation. In the other cases, the owners did not know about the violation. And the third distinguishing factor is we are dealing in this case with a gas station. The revocation of their liquor license is not necessarily going to shut down a gas station. In the Hanson and Jacqueline's Lounge cases, they were bars. That was their business, selling alcohol. Taking away their liquor license will necessarily shut down their businesses. That wasn't the case here. And then my last point would just be that there was progressive discipline in this case. We imposed two fines on these individuals. It wasn't as though this was the first violation and we didn't do anything. We hadn't done anything previously. Just for a second, that argument you just made a minute ago, a bar and a gas station, is that your argument, per se, or was that a fact that was actually presented? I mean, obviously it's a gas station. That actually was not presented in the Hanson or Jacqueline's Lounge cases because those two did involve bars. They didn't specifically say that this penalty was too harsh because it's a bar and it's going to shut down the bar. But, no, we've made an argument out of that that in this case we're talking about a gas station. We're not talking about an establishment whose business it is to sell alcohol. I have nothing further. No further questions? Thank you very much. Thank you. At recess, decision to come in due time.